**Order entered August 28, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01521-CR

### LATOYA ROBINSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the County Auxiliary Court No. 1
### Dallas County, Texas
### Trial Court Cause No. TR-13-03619

## ORDER

Latoya Robinson was convicted of contributing to the truancy of her child. After the clerk's record and Robinson's brief had been filed, the State filed a motion to abate this appeal. The State asserted the proceedings were recorded on three cassette tapes, and the trial court should certify the accuracy of the tapes. On January 14, 2014, we granted the State's motion, abated the appeal, and ordered the trial court to conduct a hearing to determine: (1) whether there were proceedings audio recorded; and (2) if so, could the accuracy of the recordings be verified.

The trial court held a hearing on February 6, 2014 to allow the parties to listen to the recordings of the trial proceedings. Robinson was not present at the hearing and did not contact the trial court to explain her absence. However, the trial court specifically noted the weather conditions created transportation difficulties for at least two of the persons notified to be present

at the hearing. After listening to both sides of all three cassette tapes from the trial proceedings, the trial court found (1) the trial proceedings were audio recorded, and (2) the accuracy of the audio recordings cannot be verified. The trial court recommended that Robinson "be allowed a new trial."

On February 21, 2014, we reinstated the appeal, adopted the trial court's findings, and deferred the trial court's recommendation that Robinson be granted a new trial to the submission panel. We also ordered Robinson to file an amended brief addressing the issue of the trial court's findings regarding the audio recordings of the proceedings. Robinson filed an amended brief arguing the "facts of the case or transcripts are not certifiable by court records (transcripts), therefore, the rulings and violations of The Texas Rules of Evidence were not perused in this case." Robinson specifically asserted she was not timely provided documents and evidence by the State and "the evidence and transcripts errors were precursors for [her] not being able to present a meritorious defense in [her] truancy and appeal cases."

The State filed a response brief contending Robinson's issues in her original and amended briefs were inadequately briefed and that Robinson had failed to present this Court with a sufficient reporter's record to assess the substantive merits of her issues. The State specifically argued Robinson failed to timely request a reporter's record on appeal, an argument we do not address at this time.

Rule of appellate procedure 34.6(f) provides, as relevant in this case, that an appellant is entitled to a new trial if:

(1) the appellant timely requested a reporter's record;

(2) without the appellant's fault, a significant portion of the electronic recording of the proceedings has been lost or destroyed or is inaudible;

2

(3) the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and

(4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties.

TEX. R. APP. P. 34.6(f). Based on the trial court's findings, the audio recordings of the trial proceedings cannot be certified for accuracy. Accordingly, we **ORDER** the parties to determine whether they can agree to factual stipulations as to what occurred during the portions of the trial proceedings relevant to Robinson's issues on appeal. The parties shall file either a written stipulation of agreed facts or a notice informing the Court that an agreement cannot be reached by **October 3, 2014**.

/s/    ROBERT M. FILLMORE
PRESIDING JUSTICE